OVERSEERS OF
PITTSTOWN
v.
OVERSEERS OF
PLATTSBURGH.

. Where there
is an issue in
law, and an is-
sue in fact, the
issue in law
ought to be
first determi-
ned; but the
plaintiff has his
election which
shall be first
tried; and the
defendant is
not entitled to
judgment as in
case of non-
suit, for not
proceeding to
the trial of the
issue in fact,
while the issue
in law remains
undetermined.

The Overseers of the Poor of Pittstown *against* The
Overseers of the Poor of Plattsburgh.

MOTION for judgment as in case of nonsuit, for not pro-
ceeding to trial, &c. There was an issue in fact, and an
issue in law, both of which were joined in the last *January*
vacation. The venue was laid in *Rensselaer* county. The
demurrer, it was stated, went to the whole merits of the
case, and had not yet been brought on to argument.

It was contended, on the part of the plaintiff, that the mo-
tion ought not to be granted, nor ought he to be compelled
to stipulate to try the issue in fact, until the issue at law was
determined; and that the plaintiff had his election to try
that issue first. (2 *Tidd's Pr.* 684.)

*Mitchill*, for the plaintiff.

*Walworth*, for the defendant.

*Per Curiam.* Whatever may have been the ancient prac-
tice on this subject, yet, according to the later authorities,
where there is an issue at law, and an issue in fact, the plain-
tiff may elect which he will try first; and we think it most
proper that the issue in law should be first determined.
The defendant cannot, therefore, compel the plaintiff to
stipulate to try the issue in fact, before the other issue is
disposed of; nor is he entitled to judgment of nonsuit, be-
cause the plaintiff did not bring that issue to trial at the last
*Rensselaer* circuit. It is as much in the power of the de-
fendant, as in that of the plaintiff, under the rules of the
court, to bring the demurrer on to argument at the earliest
term after joinder in demurrer. There is, therefore, no
cause for the defendant to object delay on the part of the
plaintiff, in not having the demurrer argued at the last term.

Motion denied.